Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se recurre de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se condenó a la parte apelante General Builders Construction, César Vázquez Navarro, su esposa Celinda Haydeé Morales Figueroa y la sociedad legal de gananciales compuesta por ambos, a pagar solidariamente cierta cantidad de dinero por concepto de honorarios adeudados al apelado.
Inconforme con tal pronunciamiento la parte apelante acude alegando, en síntesis, que incidió el tribunal de instancia al determinar que existía un contrato de corretaje entre las partes, que se cumplió según sus términos, por lo cual se tenía que pagar la comisión; y que no procedía el imponer el pago de intereses por temeridad y honorarios de abogado.
*653 Evaluados los alegatos de las partes procedemos a confirmar la sentencia dictada, por los siguientes fundamentos.
I
Los hechos en el presente caso de mayor relevancia según surge de la sentencia y de la exposición narrativa estipulada de la prueba se resumen de la siguiente manera.
Las entidades General Builders, Santa Elena y Villa Tanamá son empresas dedicadas al desarrollo de proyectos de viviendas, cuyo dueño es el Ingeniero César Vázquez Navarro. La parte apelante obtuvo préstamos de construcción del Caguas Central para desarrollar varios proyectos de vivienda en Arecibo, Salinas, Patillas, Santa Isabel y Guayama. (ENE, págs. 40-41.)
El 3 de mayo de 1990 el apelado Raúl Moll Hawayek, firmó una carta contrato con la parte apelante donde se comprometía a prestar servicios de consultoría financiera a fin de negociar la adquisición a descuento de los préstamos que ésta tenía con Caguas Central, pues dicha entidad había dejado de proveerles los fondos de los proyectos. (ENE, págs. 1 a 3 y 43 a 45.) A cambio de estas gestiones, el apelado recibiría honorarios por la cantidad de un diez por ciento (10%) del total de la suma adeudada o de la cantidad financiada, lo que fuera mayor. (ENE, págs. 2 y 43; Ap. 1, pág. 55.)
Posteriormente el 3 de abril de 1991 se suscribió otra carta contrato, conforme a la cual el apelado reclamó el pago de unas comisiones relacionadas con sus gestiones para obtener financiamiento de ciertas unidades de viviendas, en los proyectos conocidos como Jardines de Patillas y Costa Azul, desarrollados por General Builders y Santa Elena Development Corporation. (ENE, págs. 4-5; Ap. 26, págs. 130-132.)
El apelado sostuvo, y así fue aceptado por el tribunal apelado, que prestó los servicios requeridos según lo pactado y que la parte apelante se rehusó a pagar lo acordado. (ENE, págs. 5-6.) El tribunal de instancia acogió el testimonio del apelado, de que el término de 180 días para cumplir con lo pactado fue extendido por 180 días adicionales, según negociaciones que las partes llevaron a cabo. (ENE, pág. 3.)
Luego de analizar la prueba desfilada, el tribunal de instancia condenó a la parte apelante a pagar solidariamente al apelado la suma adeudada por concepto de honorarios, por las gestiones financieras realizadas.
De esta determinación se recurre ante nos mediante el presente recurso de apelación.
II
En nuestra jurisdicción se reconoce el principio de autonomIa contractual de las partes, para establecer pactos y condiciones, siempre y cuando no sean contrarios a las leyes, la moral y el orden piThlico. Art. 1207 del Codigo Civil, 31 L.P.R.A. sec. 3372; Mercado Rivera v. Universidad Católica de P.R., opinion de 27 de junio de 1997, 97 J.T.S. 106, pág. 1276. (Casos citados.)
El artículo 1233 del Código Civil establece las normas para la interpretación de los contratos e indica, que si los términos de un contrato son claros, éstos se interpretarán de acuerdo al sentido literal de sus cláusulas. CNA v. Torres Díaz, opinión de 11 de junio de 1996, 96 J.T.S. 65, pág. 1246. 31 L.P.R.A. sec. 3471. Cualquiera que sea la generalidad de los términos de un contrato, no deben entenderse comprendidas en sus cláusulas, cosas distintas de las que los contratantes se propusieron pactar. Art. 1235, supra, 31 L.P.R.A. sec. 3473; Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345, 349(1984).
Cónsono a tales principios se ha reconocido que la intención de las partes es criterio fundamental, para fijar el alcance de las obligaciones contractuales. Marina Ind. Inc. v. Brown Boveri Corp., 114 D.P.R. 64, 69 (1983); Merle v. West Bend Co., 97 D.P.R. 403, 409-410 (1969). A tales propósitos, para juzgar la intención de los contratantes, deberán evaluarse los actos tanto coetáneos como posteriores y las circunstancias concurrentes al otorgar el contrato. Art. 1234, supra; 31 L.P.R.A. sec. 3472; Casiano v. Borintex Corp., opinión del 14 de abril de 1993, 93 J.T.S. 55, pág. 10606, n. 1.
Una vez comentados los principios generales sobre interpretación de contratos, debemos analizar la *654 carta contrato suscrita por las partes.
Según lo determinado por el foro apelado, de conformidad con los términos de la carta contrato, el apelado estaba obligado a negociar con el Caguas Central la adquisición a descuento de los préstamos y una vez negociado el descuento, conseguir financiamiento en una tercera institución para la compra de dichos préstamos. Esto último no fue necesario, ya que con el consentimiento de la parte apelante, el apelado negoció y obtuvo que el Santander concediera un plazo para el pago de la deuda una vez negociado el descuento.
Surge de la prueba presentada y creída por el tribunal de instancia, que los acuerdos con el Banco Santander en cuanto al descuento en el monto de los préstamos y el plazo obtenido para el pago de los mismos se lograron durante la vigencia del contrato existente entre las partes. Que como resultado directo de dichas gestiones, los apelantes lograron beneficios económicos significativos, según lo acordado.
Ante tales circunstancias, concluimos, al igual que el foro de instancia, que el apelado llevó a cabo las gestiones que le fueron encomendadas; por lo tanto, procedía según lo resuelto el pago de los honorarios por servicios según pactados.
III
La parte apelante plantea como error, que el tribunal de instancia no debió imponerles el pago de honorarios por concepto de temeridad, ni el pago de intereses sobre la sentencia a partir del 7 de enero de 1992. No tienen razón.
La Regla 44.1(d) de Procedimiento Civil establece, que en caso de que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle al responsable en su sentencia, el pago de una suma por concepto de honorarios de abogado. 32 L.P.R.A. Ap. Ill (Supl. 1997).
La acción que amerita la condena de honorarios de abogado por temeridad, es aquella que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente, o que produzca la necesidad de que otra parte incurra en gestiones evitables. Oliveras v. Universal Ins. Co., opinión del 7 de noviembre de 1996, 96 J.T.S. 145, pág. 301; Santos Bermúdez v. Texaco Puerto Rico, 123 D.P.R. 351, 355 (1989).
En casos de cobro de dinero, la Regla 44.3 de Procedimiento Civil dispone, que el tribunal sentenciador está facultado para al momento de dictarse la sentencia, imponer el pago de interés desde que haya surgido la causa de acción, a la parte que haya procedido con temeridad. 32 L.P.R.A. Ap. III (Supl. 1997).
La determinación de hecho, acerca de la existencia de temeridad es discrecional del tribunal de instancia y revisable en apelación por abuso de discreción. Cotto Morales v. Calo Ríos, opinión del 17 de abril de 1996, 96 J.T.S. 56, pág. 997.
Del análisis del expediente y la exposición narrativa estipulada se sustenta la conclusión de temeridad en litigar la causa de acción por la apelante, por lo cual procedía la imposición del interés legal y la suma que se impuso por concepto de honorarios de abogado fue razonable. En ausencia de abuso de discreción por parte del foro apelado, no debemos dejar sin efecto su pronunciamiento sobre tales extremos.
IV
A tenor con las circunstancias particulares del presente caso, concluimos que ninguno de los errores fueron cometidos, por lo cual en nuestra función apelativa no vamos a intervenir con el dictamen de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Cándido v. Universal Ins. Co., opinión de 7 de noviembre de 1996, 96 J.T.S. 145, pág. 298. (Casos citados.)
V
Por los fundamentos antes enunciados se confirma la sentencia apelada.
*655 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General